THE MAYOR AND ALDERMEN OF JERSEY CITY, respondent,

*v.*

JERSEY CITY WATER-SUPPLY COMPANY, appellant.

[Argued November 16th, 1909. Decided February 28th, 1910.]

On cross-appeals from a decree of the court of chancery advised by Vice-Chancellor Stevens, whose opinion is reported in *74 N. J. Eq. (4 Buch.) 104.*

*Mr. James J. Murphy, Mr. Warren Dixon* and *Mr. James B. Vredenburgh,* for the municipality.

*Messrs. Collins & Corbin,* for the water-supply company.

PER CURIAM.

Our consideration of this case has led us to the conclusion that the decree advised by the learned vice-chancellor should be affirmed, with one unimportant exception, and for the reasons set forth in his opinion filed in the cause. The particular in. which we cannot agree with him is his holding that in the ascertainment of the amount to be paid by the city the water-supply company should be charged with one-half the cost of constructing a fence around the land occupied by .the Boonton reservoir. The suit is brought to compel the specific performance of a contract to construct a water-supply system in accordance with full and complete plans and specifications and to convey the same to the city. The obligations of the water-supply company, with relation to the construction of the system, are fixed by the contract. The requirements applicable to the Boonton reservoir site are set out in great detail, but do not provide for the construction of a fence around it. The vice-chancellor considered that the provisions of the Fence act made it the duty of the water-supply company to construct a fence around the

reservoir. To inject the provisions of the Fence act into the contract would be to add a term to it not agreed upon by the parties; and this, we think, a court cannot do.

Some criticism has been made upon the form of the decree. In providing what sums shall be deducted from the contract price on account of the failure to construct the water-supply plant in complete accordance with the plans and specifications, the mandate of the decree is as follows:

"There shall also be deducted from the contract price the cost of establishing intercepting sewers and drains, and sewage disposal works, capable of substantially preventing the contamination of the Rockaway river, above the Boonton reservoir, from the sewage of the city of Dover, the city of Boonton and the village of Hibernia; which cost shall hereafter be determined by the court.

"In lieu of and as a substitute for all or any of the sewers and sewage disposal works above referred to in this paragraph, the defendant company may, within ninety days from the date hereof, present other plans or devices for maintaining the purity of the water delivered by the company to the city throughout the year, under present conditions, and estimates of the cost of the works now necessary therefor; and both parties may present evidence touching the efficiency of such plans or devices to produce the necessary results, and the cost thereof; and the defendant company may, pending the taking of the testimony, with the leave of the court, upon notice, present amendments and modifications of such plans and devices."

As we read this provision of the decree, the second part of it is in modification of the first part, the purpose disclosed by it being to relieve the water-supply company from the deduction, from the purchase price, of the cost of establishing sewers, drains and sewage disposal works for the prevention of the contamination of the Rockaway river above the Boonton reservoir, provided the company is able to exhibit a less expensive plan or device for preventing such contamination, and which will insure that result; and, if the company shall succeed in doing so, then permitting the cost of the works necessary for the installation of such plan or device, instead the cost of constructing sewers,

drains and sewage disposal works, to be deducted from the contract price. So read the decree seems to us to be manifestly fair and just to both parties, and to afford no ground for criticism.

The error in requiring the water-supply company to submit to a reduction in the contract price on account of its failure to construct a fence around the Boonton reservoir requires a modification of the decree and a reversal for that purpose.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, REED, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL—13.