This matter is before the court on a second supplemental bill filed by the Jersey City Water Supply Company, and is the latest phase of a long, drawn out litigation, which has been presented to the courts of this state in numerous aspects. It is sufficient for the present purpose to refer to the decisions of this court and of the court of errors and appeals, respecting the first supplemental bill filed by this defendant, covering the specific subject-matter of the present bill. See The Mayor and Aldermenof Jersey City v. Jersey City Water Supply Co. et al., 93 N.J. Eq. 36; affirmed, Ibid. 620.
It will be noted from the discussions of the issues involved in the former supplemental bill by the respective courts that *Page 37 
the sole question under consideration was the propriety of decreeing payment to the Jersey City Water Supply Company of $500,000 (five hundred thousand dollars), which had been retained by the complainant until the same should become due under the terms and conditions of the main contract involved in the litigation pursuant to a former decree of this court, which was later affirmed in that respect by the court of errors and appeals. See Jersey City v. Flynn, 74 N.J. Eq. 104; 76 N.J. Eq. 607;Jersey City v. Jersey City Water Supply Co., 93 N.J. Eq. 620
(at p. 622).
This court decreed the dismissal of the former supplemental bill on the ground that the condition of the fourth section of the main contract relating to the delivery by the contractors to Jersey City of a valid release from the Morris Canal and Banking Company and its lessee, with respect to their rights in the waters of the Rockaway River watershed, had not been complied with by the release which those companies had theretofore delivered to Jersey City, which was to take effect only upon the abandonment of the navigation of the Morris canal between Dover and Montville, under legislative sanction; because it was not shown that such legislative sanction had been granted or obtained. The decree of this court, as previously indicated, was affirmed by the court of errors and appeals, and in this respect Mr. Justice Trenchard, speaking for that court, at page 624 of the report, supra, after quoting from the fourth paragraph of the contract, as aforesaid, stated that —
"Properly construed, that means that the money should be surrendered to the water supply company as soon as a valid
release was delivered, which should be presently effective — that is, one which should extinguish any future right of appropriation by the canal company. Now, the so-called release which was executed and delivered, although following the form of the contract, does not comply with the manifest intent and purpose of the contract. By its terms it does not take effect untilabandonment of the navigation of the canal between Dover and Montville under legislative sanction. Legislative sanction has not been given. The release, therefore, *Page 38 
was not effective when it was delivered; it is not effective to-day, and may never be effective, for the legislature may never release the canal company from its public duty of operating the canal between the points mentioned in the document. Under present conditions, the instrument, while in the form of a release, is not the valid release contemplated by the contract, since it never can become operative in the slightest degree until the provision with relation to abandonment under legislative sanction has been fulfilled.
"The supplemental bill of the water supply company was therefore properly dismissed."
It is now contended by the water supply company that the legislative sanction referred to has been given, through the medium of numerous acts of the legislature of this state, subsequently enacted, and that all the terms, conditions and requirements exacted by that legislation have been complied with and performed.
Voluminous testimony has been taken upon the present hearing and the various aspects of this final phase of the litigation presented by counsel have been exhaustively argued in accordance with their respective contentions.
I am satisfied, however, that the sole, material issue now involved is that which was presented by the former supplemental bill, and that the condition which, in that suit, was decreed to be then unfulfilled, has now been fully complied with. It follows, therefore, that the release from the Morris Canal and Banking Company and its lessee, delivered by the water supply company to the city of Jersey City, and which was to take effect upon their abandonment of the navigation of said canal between Dover and Montville, under legislative sanction, is a validrelease within the proper construction of the fourth section of the main contract, and an effective compliance with the provisions of that paragraph.
I will, therefore, advise a decree in accordance with these views and the prayer of the present supplemental bill.
The terms of the decree may be settled upon due notice to the respective counsel. *Page 39